**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**ALEXANDRIA DIVISION**

| | |
|---|---|
| **JULIO ALEXANDER ROJAS CUESTA** | **CIVIL ACTION NO. 26-2212** |
| | **SECTION P** |
| **VS.** | |
| | **JUDGE TERRY A. DOUGHTY** |
| **JENA LA SALLE DETENTION FACILITY, ET AL.** | **MAG. JUDGE CAROL B. WHITEHURST** |

## REPORT AND RECOMMENDATION

Petitioner Julio Alexander Rojas Cuesta,[1] a detainee in the custody of the Department of Homeland Security ("DHS") and the Bureau of Immigration and Customs Enforcement ("ICE"), petitions for a writ of habeas corpus under 28 U.S.C. § 2241.[2] Respondents oppose the petition. [doc. # 17]. For reasons below, the Court should deny the petition.

### Background

Petitioner is a citizen of Venezuela. "Petitioner recently entered the United States on February 8, 2022, as a B-2 nonimmigrant with authorization to remain in the United States for a temporary period, not to exceed August 7, 2022. Petitioner

[1] Petitioner's "A Number" is 232-255-061.

[2] This matter has been referred to the undersigned for review, report, and recommendation under 28 U.S.C. § 636, and the standing orders of the Court.

remained in the United States beyond August 7, 2022, without authorization." [doc. # 17, p. 1]. He has "been paying [his] taxes" while in the United States. [doc. # 1]. He has never been arrested. *Id.* ICE detained Petitioner on March 9, 2026. [doc. # 1, p. 5].

On March 23, 2026, an immigration judge denied Petitioner's request for a custody redetermination without prejudice because Petitioner withdrew his request. [doc. # 17-2]. Petitioner filed this proceeding on approximately June 15, 2026. [doc. # 1, p. 8]. He claims that he "is entitled to release under the framework of *Zadvydas* unless the government promptly demonstrates that there is a significant likelihood of removal in the reasonably foreseeable future." [doc. # 1-2, p. 2].

On June 23, 2026, an immigration judge ordered Petitioner removed to Venezuela. [doc. # 6, pp. 10-17]. Petitioner appealed the removal order to the Board of Immigration Appeals ("BIA"); his appeal is pending. Respondents opposed the petition on September 30, 2026. [doc. # 17].

**Law and Analysis**

In *Zadvydas v. Davis*, 533 U.S. 678 (2001) (emphasis added), the Supreme Court held that if an alien is detained for six months after a *final* order of removal, and if the alien petitioning for habeas corpus "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing."

*Zadvydas*, 533 U.S. at 701. "[A]n alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." *Id.*

Petitioner's claim, however, is premature because his appeal before the BIA is pending and thus his order of removal is not final. *See Lopez Acosta v. Rosen*, 2021 WL 54772, at *1 (5th Cir. Jan. 6, 2021) ("Because Lopez Acosta is currently pursuing administrative remedies below, he is no longer subject to a final order of removal . . . ."); *Castillo-Rodriguez v. I.N.S.*, 929 F.2d 181, 183 (5th Cir. 1991) ("The order of the immigration judge, then, is not final when a timely appeal is taken to the Board."). Under 8 U.S.C. §1101(a)(47), an "order of deportation" becomes final upon the earlier of: "(i) a determination by the Board of Immigration Appeals affirming such order; or (ii) the expiration of the period in which the alien is permitted to seek review of such order by the Board of Immigration Appeals." Likewise, under 8 C.F.R. § 1241.1, "An order of removal made by the immigration judge . . . shall become final: (a) Upon dismissal of an appeal by the Board of Immigration Appeals . . . ." *See Agyei-Kodie v. Holder*, 418 F. App'x 317, 318 (5th Cir. 2011). The Court should dismiss Petitioner's claim.

## Recommendation

For reasons above, **IT IS RECOMMENDED** that Petitioner Julio Alexander Rojas Cuesta's petition be **DISMISSED WITHOUT PREJUDICE**.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Lafayette, Louisiana, this 19th day of October, 2026.

CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE